UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: DEC 04 2012
```

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

   v.

DAVID LEE et al.,

        Defendants.

08 Civ. 9961 (GBD) (JLC)

ECF Case

# FINAL JUDGMENT AS TO DEFENDANT OPTIONABLE, INC.

The Securities and Exchange Commission having filed a First Amended Complaint ("Complaint") against, among others, Optionable, Inc. ("Optionable"); and Optionable having entered a general appearance, consented to the Court's jurisdiction over itself and the subject matter of this action, consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction), waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Optionable and any of its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Optionable and any of its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or aiding or abetting any violation of, Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], or any of Rules 12b-20, 13a-1, 13a-13, or 13a-16 promulgated thereunder [17 CFR §§ 240.12b-20, 240.13a-1, 240.13a-13, or 240.13a-16]:

    (a)    by failing to file (or knowingly providing substantial assistance to an issuer that fails to file) with the Commission, in accordance with its prescribed rules and forms, (i) annual reports for each fiscal year certified by independent public accountants and quarterly reports for each of the first three quarters of each fiscal year, or (ii) such other information and documents as the Commission requires to keep reasonably current the information and documents required to be included in

    or filed with an application or registration statement pursuant to the Exchange Act; or

(b) by failing to add (or knowingly providing substantial assistance to an issuer that fails to add) to a quarterly or annual report or other statement filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], in addition to the information expressly required to be included therein, such further material information as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Optionable and any of its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, or aiding or abetting any violation of, Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] by:

(a) failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of Optionable, or knowingly providing substantial assistance to another issuer that fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of such other issuer; or

(b) failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

   (i) transactions are executed in accordance with management's general or specific authorization;

   (ii) transactions are recorded as necessary

     (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and

     (II) to maintain accountability for assets;

   (iii) access to assets is permitted only in accordance with management's general or specific authorization; and

   (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Optionable and any of its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(2)] and from aiding and abetting any violation of Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(2)] or Rule 13b2-1 promulgated thereunder [17 CFR § 240.13b2-1]:

   (a) by (i) knowingly circumventing, or knowingly failing to implement, a system of internal accounting controls or (ii) knowingly falsifying any book, record, or

account that purports to reflect the transactions or dispositions of the assets of an issuer; or

(b) by knowingly providing substantial assistance to anyone who (i) circumvents, or fails to implement, a system of internal accounting controls or (ii) directly or indirectly falsifies, or causes to be falsified, any book, record, or account that purports to reflect the transactions or dispositions of the assets of an issuer.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the attached Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Optionable shall comply with all of the undertakings and agreements set forth therein.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: DEC 04 2012

_George B. Daniels_
UNITED STATES DISTRICT JUDGE

5

THIS DOCUMENT WAS ENTERED
THE DOCKET ON _____