UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                    :
SECURITIES AND EXCHANGE COMMISSION,                 :
                                                    :   08 Civ. 9961 (GBD)
                            Plaintiff,              :
                                                    :
            - against-                              :
                                                    :
DAVID LEE, ET AL.,                                  :
                                                    :
                            Defendants.             :
                                                    :
------------------------------------------------------------------x

## JUDGMENT AS TO DEFENDANT EDWARD O'CONNOR

Plaintiff Securities and Exchange Commission ("Commission") having filed a First Amended Complaint ("Complaint"), and defendant Edward O'Connor ("Defendant") having entered a general appearance, consented to the Court's jurisdiction over him and the subject matter of this action, consented to entry of this judgment ("Judgment"), waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

2

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly:

(a) violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)];

(b) violating Rule 13b2-1 under the Exchange Act [17 C.F.R. § 240.13b2-1] by falsifying, or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)];

(c) violating Rule 13b2-2 under the Exchange Act [17 C.F.R. § 240.13b2-2] by making or causing to be made a materially false or misleading statement to an accountant, or omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made to an accountant, in light of the circumstances under which such statements were made, not misleading, in connection with:

    (i) any audit, review or examination of the financial statements of an issuer required to be made pursuant to Section 13 of the Exchange Act [15 U.S.C. § 78m]; or

        (ii)    the preparation or filing of any document or report required to be filed with the Commission pursuant to Section 13 of the Exchange Act [15 U.S.C. § 78m] or otherwise; and

(d)    violating Rule 13a-14 under the Exchange Act [17 C.F.R. § 240.13a-14] by falsely stating, in any certification of an issuer's report prescribed by that rule, that the report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which such statement was made, not misleading with respect to the period covered by the report.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] or Rules 12b-20, 13a-1, 13a-13 or 13a-16 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13 or 240.13a-16] by providing substantial assistance to an issuer, having a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], that fails to file with or furnish to the Commission any report, information, or document required to be filed with or furnished to the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and the rules and regulations promulgated thereunder, or files or furnishes such a report that (1) contains an untrue statement of material fact; or (2) fails to include, in addition to the information required to be stated in such report, information or

document, such further material information as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly controlling any issuer who violates Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] or Rules 12b-20, 13a-1, 13a-13 or 13a-16 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13 or 240.13a-16] by doing any of the following, unless Defendant acts in good faith and does not directly or indirectly induce the act or acts constituting the violation: (a) failing to file with or furnish to the Commission any report, information, or document required to be filed with or furnished to the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and the rules and regulations promulgated thereunder; or (b) filing or furnishing such a report that (1) contains an untrue statement of material fact, or (2) fails to include, in addition to the information required to be stated in such report, information or document, such further material information as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting violations of Section 13(b)(2) of

the Exchange Act [15 U.S.C. § 78m(b)(2)] by providing substantial assistance to an issuer, having a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], that:

    (a)    fails to make and keep books, records and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

    (b)    fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that

        (1)    transactions are executed in accordance with management's general or specific authorization;

        (2)    transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles, or any other criteria applicable to such statements, and to maintain accountability for assets;

        (3)    access to assets is permitted only in accordance with management's general or specific authorization; and

        (4)    the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and his agents, servants, employees, attorneys, and all persons in active concert or participation with

them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from directing or indirectly controlling any issuer who violates Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] by doing any of the following, unless Defendant acts in good faith and does not directly or indirectly induce the act or acts constituting the violation:

(a) failing to make and keep books, records and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(b) failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that

(1) transactions are executed in accordance with management's general or specific authorization;

(2) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles, or any other criteria applicable to such statements, and to maintain accountability for assets;

(3) access to assets is permitted only in accordance with management's general or specific authorization; and

(4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $550,000, representing profits gained as a result of the conduct alleged in the Complaint, and a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. Defendant shall satisfy this obligation by paying $700,000 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph XI below. Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Edward O'Connor as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement by moving for civil contempt (and/or through other collection procedures authorized by law) at any time within 14 days after any payment becomes due pursuant to this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## X.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the attached Consent is incorporated herein with the same force and effect as if fully set forth herein, and Defendant shall comply with all of the undertakings and agreements set forth therein.

## XI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay the total amount due of $700,000 in four installments to the Commission according to the following schedule: (1) $175,000 within 10 days of entry of this Final Judgment; (2) $175,000 plus post judgment interest of $53 within 101 days of entry of this Final Judgment; (3) $175,000 plus post judgment interest of $101 within 192 days of entry of this Final Judgment; and (4) $175,000 plus post judgment interest of $149 within 283 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due under this Final Judgment. Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## XII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Judgment.

## XIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: JUL 30 2013

_____
UNITED STATES DISTRICT JUDGE
**HON. GEORGE B. DANIELS**